ISMAIL AMIN, ESQ. (State Bar No. 9343)
LAWRENCE KULP, ESQ. (State Bar No. 7411)
**The Amin Law Group, NV., Ltd.**
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone:   (702) 990-3583; Facsimile: (702) 990-3501

MICHAEL L. TURRILL, ESQ. (*Pro Hac Vice* Pending)
**Arent Fox LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone:   (213) 443-7535; Facsimile: (213) 629-7401

Attorneys for Plaintiff ZNA FOODS, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ZNA FOODS, Inc., a Nevada Corporation; <br><br> Plaintiff, <br><br> v. <br><br> NW SIGN INDUSTRIES, INC., a Delaware corporation, and DOES 1 to 10; <br><br> Defendant. | Case No. _____ <br> Dept. No. _____ <br><br> **COMPLAINT FOR:** <br> (1) **BREACH OF WRITTEN CONTRACT** <br> (2) **BREACH OF ORAL CONTRACT** <br> (3) **INTENTIONAL MISREPRESENTATION** <br> (4) **FRAUDULENT INDUCEMENT** <br> (5) **NEGLIGENT MISREPRESENTATION** <br> (6) **UNJUST ENRICHMENT** <br> (7) **DECEPTIVE TRADE PRACTICES [N.R.S. §598.0915]** <br> (8) **DECLARATORY RELIEF** <br> (9) **INJUNCTIVE RELIEF** <br><br> **DEMAND FOR TRIAL BY JURY** |

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

1

**COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

COME NOWS Plaintiff ZNA FOODS, INC., a Nevada corporation, by and through its attorney, The Amin Law Group, NV., Ltd., and hereby pleads and alleges as follows:

## PARTIES

1.      Plaintiff ZNA FOODS INC, ("Plaintiff" or "ZNA") at all times mentioned herein, is a corporation in good standing and incorporated in the State of Nevada with its principal place of business in Glendale, California.  Plaintiff is a franchisee of multiple Popeye's Restaurants, including five (5) locations in Las Vegas, Nevada, which are the subject of this Action.

2.      Defendant NW SIGN INDUSTRIES, INC., ("Defendant" or "NW"), at all times mentioned herein, is a corporation in good standing that is incorporated in the State of Delaware with its principal place of business in Moorestown, New Jersey.

3.      Plaintiff and Defendant may collectively be referred to as the "Parties".

4.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1-10, inclusive, are unknown to Plaintiff, and therefore, Plaintiff sues said Defendants by such fictitious names.  Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants designated herein as a fictitiously-named Defendant is, in some manner, responsible for the events and happenings referred to herein.

5.      Plaintiff is informed and believes, and on that basis alleges, that the Defendants, and each of them, including Does 1-10, inclusive, were, at all material times, the agents, servants, employees, or partnerships or each of the other Defendants, and in doing things alleged

2

**COMPLAINT**

1   herein, said Defendants, and each of them, were acting within the course and scope of their

2   agency, and with the consent, approval and/or ratification of each of the other Defendants.

3   ## JURISDICTION AND VENUE

4   6.   This Court possesses jurisdiction to entertain this matter pursuant to 28 U.S.C. §

5   1332 because the Parties are completely diverse from one another and the matter in

6   controversy exceeds the sum or value of Seventy Five Thousand Dollars ($75,000.00),

7   exclusive of interest and costs.

8   7.   This Court is the proper venue for this Action pursuant to 28 U.S.C. § 1391 since "a

9   substantial part of the events or omissions giving rise to the claim[s] occurred" in Nevada.

10  Additionally, the properties subject to the construction liens purportedly recorded by

11  Defendant are all located in Las Vegas, Nevada.

12  ## GENERAL ALLEGATIONS

13  8.   ZNA is the franchisee and owner of five (5) Popeye's Louisiana Kitchen

14  Restaurants in Las Vegas, Nevada (collectively referred to as the "Popeye's Restaurants"):

15      a.   2421 W. Bonanza Road ("West Bonanza Location");

16      b.   4505 E. Bonanza Road ("East Bonanza Location");

17      c.   6111 W. Sahara Road ("Sahara Location");

18      d.   8132 S. Las Vegas Blvd. ("Las Vegas Location"); and

19      e.   4910 S. Maryland Parkway ("Maryland Location").

20  9.   On or about June 5, 2012, ZNA and NW entered into various written agreements

21  ("Written Agreements") for the performance of certain renovations and construction work by

*The Amin Law Group, NV., Ltd.*
*3960 Howard Hughes Parkway, Suite 500*
*Las Vegas, NV 89109*
*Phone: (702) 990-3583 / Fax: (702) 990-3501*

3

**COMPLAINT**

AFDOCS/10423829.1

1   NW at the Popeye's Restaurants.  *True and correct copies of the Written Agreements are*

2   *attached hereto as Exhibit A.*

3       10.     NW was hired by ZNA to perform renovations and improvements at the Popeye's

4   Restaurants; including but not limited to: (a) the demolition and replacement of tile; (b)

5   renovation of ceilings, walls, flooring, and light fixtures; (c) painting; (d) redoing signage;

6   (e) replacing exterior and interior lighting and other related tasks.  With respect to the West

7   Bonanza Location, the scope of the project was much larger because the location required a

8   new roof and more extensive exterior renovations than the other four (4) locations.

9       11.     Because much of the aforementioned work was in connection with a re-branding

10  effort by ZNA of which NW was well aware, the Parties agreed upon a specific timeline

11  defining when certain tasks, and the entirety of the work, were to be completed.

12  Specifically, the Parties agreed that Defendant would complete all work by September 30,

13  2012.  Defendant repeatedly represented to ZNA that it could, and would, complete the work

14  within the agreed upon timeframe.  ZNA, on the other hand, repeatedly emphasized to

15  Defendant that time was of the essence and that timely completion of the work was a

16  material term of its Written Agreements with Defendant due to the fact that property

17  inspections were scheduled to be conducted by the franchisor of the Popeye's Restaurants

18  ("Franchisor") in the Fall of 2012.

19      12.     Despite the discussions and verbal and Written Agreements regarding time being

20  of the essence, Defendant did not complete the work under the agreed upon timetable.  In

21  fact, Defendant did not even come close to performing the work within the time allotted.

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

**COMPLAINT**

AFDOCS/10423829.1

13.   In or about August 2012, ZNA learned that Defendant had not even begun to perform improvements at the biggest project—the West Bonanza Location.  ZNA discovered that NW had not yet accomplished essential preliminary tasks; including but not limited to: (a) the preparation of architectural drawings, (b) application for permits, and (c) the major exterior renovations agreed upon by the Parties.

14.   In or about the middle of September 2012, it became apparent to ZNA that Defendant would not complete any of the work by the end of September as it was obligated to do under the verbal and Written Agreements.

15.   In or about the middle of October 2012, NW continued to assure ZNA that it was working on getting permits for the exterior work to be performed at the West Bonanza Location and that the other work at other locations would be completed soon.

16.   On November 29, 2012, NW informed ZNA that all projects would be substantially completed by December 12, 2012, except for the exterior work at the West Bonanza Location, which was allegedly progressing.

17.   Notwithstanding Defendant's prior representations that they were making progress at the West Bonanza Location, on December 6, 2012, NW notified ZNA that there would be additional and significant delays at the West Bonanza Location.  By the middle of December 2012, ZNA discovered that NW still did not even have the architectural drawings required for the West Bonanza Location.  At or about this time, it became apparent that Defendant simply did not know how to proceed, and that ZNA would have to hire a new contractor to do the work, even though it was already far behind the originally-agreed upon schedule.

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

5

**COMPLAINT**

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

18.     Also, in or about the middle of December 2012, ZNA and Defendant created a "punch list" of items that still needed to be completed at the four (4) remaining locations. Despite repeated assurances through December 2012 and well into the middle of 2013 that the "punch list" of items would be completed promptly, Defendant never completed these tasks. Defendant repeatedly represented, orally and via written e-mails sent between January 2013 and June 2013 that the "punch list" of items would be completed in a timely and satisfactory manner. Unfortunately, however, such items were in fact never completed.

19.     In June 2013, ZNA discovered that Defendant was unwilling or incapable of completing the work it was obligated to complete under the oral and Written Agreements. As a result, ZNA terminated all agreements and ordered that Defendant cease any efforts to perform the work that it had failed to perform for nearly one (1) entire year.

20.     Despite Defendant's failure to perform the terms of the verbal and Written Agreements, ZNA paid a substantial amount of money to Defendant. Specifically, ZNA paid a total of One Hundred and Seventy-One Thousand Three Hundred and Forty-Two Dollars and Forty Cents ($171,342.40) to NW. ZNA, however, justifiably withheld approximately Thirteen Thousand Three Hundred and Ten Dollars and Twenty Cents ($13,310.20), which amount was equal to the "hold back" for work on the "punch list" of items which was never performed or completed by NW. ZNA also justifiably refused to pay NW for inadequate work and for work that Defendant altogether failed to perform; including but not limited to: (a) the exterior renovations at the West Bonanza Location, (b) damaged tiles, (c) gaps in the ceilings, (d) improperly installed pictures (including one (1) that fell off the wall and hit a

**COMPLAINT**

customer), (e) missing fixtures, (f) uninstalled lighting, (g) undelivered and uninstalled new sign faces, and other similar omissions.

21.    Defendant's failure to perform its obligations under the verbal and Written Agreements caused ZNA to incur substantial monetary damages.  For example, at the East Bonanza Location, Defendant omitted material costs from the original quote, including nearly Five Thousand Dollars ($5,000.00) of ceramic tiles, and attempted to pass such costs through to ZNA without ZNA's authorization and/or consent.   Such conduct caused substantial increases in the construction costs incurred by ZNA.

22.    On or about July 23, 2013, NW unjustifiably served ZNA with notices of intent to file construction liens under the laws of the State of Nevada ("Construction Liens"). *True and correct copies of the Notices of Intent to File Construction Liens are attached hereto as Exhibit B.*   NW claimed that ZNA owes approximately Forty Six Thousand Dollars ($46,000.00) in outstanding payments to NW.  In response, ZNA repeatedly requested that NW substantiate the alleged unpaid amounts.  NW has been unable to provide the requested documentation or proof.  Accordingly, the Construction Liens are improper.

23.    As a direct and proximate result of Defendant's conduct, ZNA has suffered: (a) extensive monetary damages, including additional costs incurred in connection with hiring new contractors to complete work that was left unfinished and/or re-do work that was unsatisfactorily performed by Defendant; (b) the loss of goodwill with the Franchisor which resulted from the failure to complete store renovations in a timely and proper manner; (c) the loss of certain monetary incentive payments from the franchisor that were not paid to ZNA

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

7

**COMPLAINT**

since the subject renovations were not completed timely; and (d) the amount of monies paid to Defendant notwithstanding Defendant's multiple breaches of the verbal and Written Agreements.

24.     Also as a direct and proximate result of Defendant's actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF

### (For Breach of Written Contract Against All Defendants)

25.     Plaintiff alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 24, as though fully set forth herein.

26.     ZNA entered into Written Agreements with Defendant whereby Defendant agreed to perform services for ZNA at the Popeye's Restaurants in a workmanlike manner and within an agreed upon timeframe. *See Exhibit A.*

27.     Defendant breached its Written Agreements with ZNA.   More specifically, Defendant breached the Written Agreements by: (a) failing to complete the agreed-upon services, (b) performing inadequate services, and (c) failing to perform the services in a timely manner.

28.     Plaintiff has, at all times mentioned herein, fully performed the duties required of it under the Written Agreements with respect to Defendant; alternatively, Plaintiff was excused in its non-performance.

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

8

**COMPLAINT**

29.     As a direct and proximate result of Defendant's breach of the Written Agreements, Plaintiff has incurred damages and is entitled to damages in an amount to be proven in trial, but no less than the jurisdictional minimum of the above-captioned court, pre-judgment interest, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### (For Breach Of Oral Contract Against All Defendants)

30.     Plaintiff alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 29, as though fully set forth herein.

31.     Defendant verbally repeatedly represented to ZNA that it could, and would, complete the work agreed upon within the agreed upon timeframe.  ZNA, on the other hand, repeatedly emphasized to Defendant that time was of the essence, and that this was a material term of its agreements with Defendant because of property inspections that were scheduled to be conducted by the Franchisor in the Fall of 2012.

32.     On November 29, 2012, NW verbally informed ZNA that all projects and work contracted for would be substantially completed by December 12, 2012, except for the exterior work at the West Bonanza Location, which was allegedly progressing.

33.     Notwithstanding Defendant's prior verbal representations that it was making progress at the West Bonanza Location, on December 6, 2012, NW verbally notified ZNA that there would be additional and significant delays.

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

**COMPLAINT**

AFDOCS/10423829.1

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

34.     Defendant breached its verbal agreements with Plaintiff.  More specifically, as of the middle of December 2012, NW still did not even have the architectural drawings required for the West Bonanza Location.  Defendant simply did not know how to proceed.

35.     Plaintiff has, at all times mentioned herein, fully performed the duties required of it under the verbal agreements with respect to Defendant; alternatively, Plaintiff was excused in its non-performance.

36.     As a direct and proximate result of Defendant's breach of the verbal agreements, Plaintiff has incurred damages.  As such, ZNA is entitled to damages in an amount to be proven in trial, but no less than the jurisdictional minimum of the above-captioned court, pre-judgment interest, attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

### (For Intentional Misrepresentation Against All Defendants)

37.     Plaintiff alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 36, as though fully set forth herein.

38.     On or about June 5, 2012, Plaintiff and Defendant entered into verbal and Written Agreements for the performance of certain renovations and construction work by NW at the Popeye's Restaurants.  *See Exhibit A.*  Specifically, the Parties agreed that Defendant would complete all work by September 30, 2012.  Defendant repeatedly represented, orally and in writing, that it could, and actually would, complete the work within the agreed upon timeframe.  ZNA repeatedly emphasized to Defendant that time was of the essence and that

**COMPLAINT**

AFDOCS/10423829.1

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

this was a material term of its agreements with Defendant because of the property inspections that were scheduled to be conducted by the Franchisor in the Fall of 2012.

39.     In or about the middle of October 2012, NW continued to assure ZNA that it was working on obtaining the necessary permits for the exterior work to be performed at the West Bonanza location, and that the other work at other locations would be completed soon. On November 29, 2012, NW informed ZNA that all projects would be substantially completed by December 12, 2012, except for the exterior work at the West Bonanza Location, which was allegedly progressing.

40.     Plaintiff is informed and believes, and on that basis alleges, that Defendant made intentional and fraudulent misrepresentations – both orally and in written form – or concealed material facts to induce Plaintiff into both entering into the agreements and into persuading ZNA to remain in a contractual relationship with Defendant well past the completion date.   Such representations included, but were not limited to, Defendant's promises to: (a) complete the work, (b) complete the work in a satisfactory manner, and (c) complete the work in a timely manner.

41.     Between June 2012 and the middle of 2013, Defendant expressly reaffirmed these representations to Plaintiff in a series of written communications and oral representations.

42.     Plaintiff is informed and believes, and on that basis alleges, that Defendant intended to charge Plaintiff fees while simultaneously failing to abide by the terms of the agreements with respect to the amount of work, quality of work, and timeliness in which the work was to be completed.

**COMPLAINT**

AFDOCS/10423829.1

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

43.     Plaintiff is informed and believes, and on that basis alleges, that Defendant entered into the agreements knowing that the representations contained therein and made by Defendant were in fact false, or that Defendant lacked a sufficient basis for making those representations.

44.     Defendant never intended to honor the agreements.

45.     Plaintiff is informed and believes, and on that basis alleges, that Defendant made the misrepresentations with the intent to deceive Plaintiff and induce Plaintiff into both entering into the agreements, and remaining in a business contractual relationship with Defendant.

46.     Defendant made these representations to Plaintiff knowing the representations were, in fact, false and misleading.

47.     Plaintiff relied on the representations made by Defendant, and was ignorant of the falsity of Defendant's representations.  Defendant is a licensed company in the business of repairing and renewing other business premises; therefore, it was reasonable and justifiable for Plaintiff to rely on the representations made to it.  Had Plaintiff known the true facts, the agreements would not have been entered into by Plaintiff.

48.     Plaintiff is further informed and believes, and on that basis alleges, that Defendant's aforementioned conduct was undertaken intentionally so as to deprive Plaintiff of a renewed business or cause it financial injury, while Defendant reaped the benefits of Plaintiff abiding by the agreements and paying Defendant.

49.     The conduct of Defendant subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, therefore justifying an award of exemplary

**COMPLAINT**

AFDOCS/10423829.1

damages.

50.     As a direct and proximate result of Defendant's misrepresentations, Plaintiff has incurred damages. As such, ZNA is entitled to damages in an amount to be proven in trial, but no less than the jurisdictional minimum of the above-captioned court, pre-judgment interest, attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

### (For Fraudulent Inducement Against All Defendants)

51.     Plaintiff alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 50, as though fully set forth herein.

52.     Plaintiff is informed and believes and thereon alleges that Defendant committed a fraud upon it by intentionally misrepresenting material facts to Plaintiff – namely, that Defendant would: (a) complete the work, (b) complete the work in a satisfactory manner, and (c) complete the work in a timely manner– in conformity with the agreements.

53.     Between June 2012 and the middle of 2013, Defendant expressly reaffirmed these representations to Plaintiff in a series of written and verbal communications.

54.     Plaintiff is informed and believes and thereon alleges that Defendant made these misrepresentations with intent to induce Plaintiff into entering into a contractual relationship with Defendant, and into staying in the contractual relationship with Defendant well past the original agreed upon timeframe for completing the work.

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

**COMPLAINT**

AFDOCS/10423829.1

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

55.    Plaintiff is informed and believes, and on that basis alleges, that Defendant intended to collect Plaintiff's money while not performing its obligations under the agreements.

56.    Plaintiff accepted, and actually relied upon, the intentional misrepresentations of Defendant, as Plaintiff paid Defendant a large sum of money pursuant to the agreements with the expectation that Defendant would also perform its obligations pursuant to the agreements and complete the work and complete the work in a satisfactory and timely manner.

57.    Plaintiff was justified in relying on the express promises undertaken by the Parties in the agreements, and upon the representations made by Defendant, as Defendant is a licensed company in the business of repairing and renewing other business premises.

58.    Plaintiff is informed and believes, and on that basis alleges, that by intentionally misrepresenting to Plaintiff that it would complete the work and do so in a satisfactory and timely manner, Defendant acted in a willful, malicious, outrageous and intentional manner and with reckless disregard for the financial interests of Plaintiff, warranting the imposition of punitive damages according to proof at trial.

59.    As a direct and proximate result of Defendant's misrepresentations, Plaintiff has incurred damages.  As such, ZNA is entitled to damages in an amount to be proven in trial, but no less than the jurisdictional minimum of the above-captioned court, pre-judgment interest, attorneys' fees and costs.

///

///

**COMPLAINT**

AFDOCS/10423829.1

## FIFTH CLAIM FOR RELIEF

### (For Negligent Misrepresentation Against All Defendants)

60.     Plaintiff alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 59, as though fully set forth herein

61.     In order to convince Plaintiff to contract with NW, and stay in a contractual relationship with NW, Defendant promised to complete the work in a timely and satisfactory manner.

62.     Plaintiff is informed and believes, and thereon alleges, that Defendant made these representations with no reasonable grounds for believing them to be true, and knew or should have known that those representations were false.

63.     Plaintiff relied on these representations in deciding to pay Defendant a large sum of money in accordance with the agreements.

64.     Defendant's fraud and deceit have directly and proximately caused Plaintiff damages.  As such, ZNA is entitled to damages in an amount to be proven in trial, but no less than the jurisdictional minimum of the above-captioned court, pre-judgment interest, attorneys' fees and costs

## SIXTH CLAIM FOR RELIEF

### (For Unjust Enrichment Against All Defendants)

65.     Plaintiff alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 64, as though fully set forth herein.

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

**COMPLAINT**

AFDOCS/10423829.1

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

66.     Pursuant to the terms of the agreements, Plaintiff fully performed its duties by paying large sums of money to Defendant for Defendant to perform its obligations under the agreements.  In doing so, Plaintiff conferred a clear benefit on Defendant.

67.     Defendant has retained that benefit for itself and to the severe detriment of Plaintiff since Defendant has failed and refused to reimburse Plaintiff for money which it has retained even though it has failed to perform under the agreements.

68.     Defendant has accepted and retained the benefit conferred upon it by Plaintiff by retaining sums of money which belong to Plaintiff.

69.     As a result of Defendant's retention of the financial benefit conferred upon it by Plaintiff, Defendant has been unjustly enriched at the expense of Plaintiff.

70.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff has incurred damages.  As such, ZNA is entitled to damages in an amount to be proven in trial, but no less than the jurisdictional minimum of the above-captioned court, pre-judgment interest, attorneys' fees and costs

## SEVENTH CLAIM FOR RELIEF

### (For Deceptive Trade Practices In Violation Of N.R.S. § 598.0915 Against All Defendants)

71.     Plaintiff alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 70, as though fully set forth herein.

**COMPLAINT**

AFDOCS/10423829.1

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

72.     Pursuant to NRS Sections 41.600(e) and 598.0915 through 598.0925, inclusive, and in light of the representations made to Plaintiff by Defendant, as described in detail both above and below, Plaintiff asserts a claim for deceptive trade practices against Defendant.

73.     Between June 2012 and the middle of 2013, Defendant expressly reaffirmed the representations to Plaintiff in a series of written and verbal communications; namely, that Defendant would complete the work in a satisfactory and timely manner.

74.     These representations were false since Defendant has: (a) failed to complete the work, (b) failed to complete the work in a satisfactory manner, and (c) failed to complete the work in a timely manner, despite Plaintiff's full performance under the agreements.

75.     Defendant knew that these representations were false at the time they were made, as Defendant never intended to complete the work as promised under the agreements.

76.     At the time Defendant made these representations to Plaintiff, it intended for Plaintiff to rely on those misrepresentations such that Defendant would thereby secure Plaintiff's money while avoiding complete performance of work pursuant to the agreement.

77.     Plaintiff was justified in relying on the express promises undertaken by the Parties in the agreements, and upon the representations made by Defendant, as Defendant is a licensed company in the business of repairing and renewing other business premises.

78.     Had Plaintiff known that NW would not have the work completed pursuant to the terms of the agreements, it would never have assented to its terms and rendered performance thereunder.

**COMPLAINT**

AFDOCS/10423829.1

79.     Additionally, NW has wrongfully threatened to file the Construction Liens against the Popeye's Restaurants.

80.     NW's unjustifiable demands that ZNA pays NW a sum of Forty-Six Thousand Dollars ($46,000.00); however, NW has refused to substantiate its demands for sums allegedly owed to it by ZNA, or otherwise justify its threat to file the Construction Liens.

81.     As a result of Defendant's misrepresentations and threats, Plaintiff has been damaged by having contributed substantial money to Defendant, while not receiving the benefit of their bargain – *e.g.* the timely and satisfactory completion of the work contemplated in the agreements.  Additionally, Defendant's actions have damaged Plaintiff's relationship with the Franchisor.

82.     Defendant's actions were done in conscious disregard or reckless disregard for the rights and well-being of Plaintiff, and therefore were done with either express or implied malice.  Accordingly, Plaintiff is entitled to an award of punitive damages.

83.     As a direct and proximate result of Defendant's misrepresentations and threats, Plaintiff has incurred damages.  As such, ZNA is entitled to damages in an amount to be proven in trial, but no less than the jurisdictional minimum of the above-captioned court, pre-judgment interest, attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF

### (For Declaratory Relief Against Defendant NW)

84.     Plaintiff alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 83, as though fully set forth herein.

**COMPLAINT**

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

AFDOCS/10423829.1

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

85.     NW has improperly demanded the payment of approximately Forty-Six Thousand Dollars ($46,000.00) from ZNA and threatened to record the Construction Liens, notwithstanding its failure to perform its obligations under the agreements.    See Exh. B. ZNA has fully performed all obligations required of it under the agreements, or alternatively is excused from its non-performance based on NW's failure to perform.    Specifically, ZNA has paid all sums owed to NW for work that NW actually performed.

86.     Thus, there has arisen and now exists an actual controversy between ZNA and NW with regard to their respective obligations and duties under the terms of the agreements, and with regard to the Construction Liens.

87.     A judicial declaration that: (a) ZNA did not breach the agreements, (b) ZNA does not owe NW any additional sums of money, and (c) therefore the Construction Liens are improper, is necessary in order to protect ZNA's rights; including but not limited to the unencumbered possession of the Popeye's Restaurants.

## NINTH CLAIM FOR RELIEF

### (For Injunctive Relief Against Defendant NW)

88.     Plaintiff alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 87, as though fully set forth herein.

89.     In light of NW's failure to perform the work in the manner in which it was obligated to perform, NW is not entitled to recover the Forty-Six Thousand Dollars ($46,000.00) it claims that ZNA owes to NW.

90.     Additionally, NW is not entitled to file the Construction Liens against ZNA.

**COMPLAINT**

AFDOCS/10423829.1

91.     NW has refused to substantiate its demands for sums allegedly owed to it by ZNA, or otherwise justify its threat to file the Construction Liens.

92.     NW's wrongful conduct has threatened great and irreparable injury to ZNA by subjecting ZNA to the possibility that NW will wrongfully file the Construction Liens and thereby encumber ZNA's possession of the Popeye's Restaurants and damage ZNA's relationship with the Franchisor.

93.     In the event that NW wrongfully takes such actions, ZNA will have no adequate remedy at law for the injuries it will suffer.   Specifically, the Construction Liens will negatively impact ZNA's relationship with the Franchisor and its lenders and would interfere with ZNA's efforts to complete the renovations and improvements that NW failed to perform or performed inadequately.

94.     NW has not and cannot substantiate its claim that ZNA owes NW any sum of money, and therefore, it is probable that ZNA will prevail on the merits of this lawsuit; thereby making preliminary and injunctive relief appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff prays for relief as follows:

1.     For compensatory damages, prejudgment interest, attorneys' fees and costs incurred as a result of Defendant's breach of agreements between Plaintiff and Defendant;

2.     For declaratory judgment that ZNA does not owe any sum of money to NW;

3.     For declaratory judgment that the NW Construction Liens are not proper and should be declared invalid and/or expunged;

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89109
Phone: (702) 990-3583 / Fax: (702) 990-3501

**COMPLAINT**

AFDOCS/10423829.1

4. For a preliminary injunction to preserve the status quo pending a resolution of the merits of this dispute;

5. For reasonable attorneys' fees and costs incurred to the full extent allowable by law;

6. Exemplary and punitive damages in an amount sufficient to punish Defendant for its conduct; and

7. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff ZNA FOODS, INC. hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED this ____ day of October, 2013.

By: _____

ISMAIL AMIN, ESQ. (SBN 9343)
LAWRENCE KULP, ESQ. (SBN 7411)
**The Amin Law Group, NV., Ltd.**
3960 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone:  (702) 990-3583
Facsimile:   (702) 990-3501

MICHAEL L. TURRILL, ESQ. (*Pro Hac Vice* Pending)
**Arent Fox LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone:(213) 443-7535
Facsimile: (213) 629-7401

*Attorneys for Plaintiff*

*The Amin Law Group, NV., Ltd.*
*3960 Howard Hughes Parkway, Suite 500*
*Las Vegas, NV 89109*
*Phone: (702) 990-3583 / Fax: (702) 990-3501*

21

**COMPLAINT**

AFDOCS/10423829.1